UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE FROM THE SIXTEENTH FAMILY COURT OF THE SUPREME COURT OF JUSTICE OF THE FEDERAL DISTRICT; IN THE MATTER OF DENISE EUGENIA DRESSER GUERRA CASE NO. 171/2012 | Case No. 14-mc-80083-JST<br><br>**ORDER GRANTING APPLICATION FOR ORDER PURSUANT TO 28 U.S.C. § 1782**<br><br>Re: ECF No. 1 |

The United States petitions this Court for an order pursuant to 28 U.S.C. § 1782 appointing Assistant United States Attorney Victoria R. Carradero as Commissioner and authorizing her to obtain information from companies within the jurisdiction of this Court as requested in a letter rogatory from the Sixteenth Family Court of the Supreme Court of Justice of the Federal District, Mexico ("Mexican Court").  ECF No. 1.

**I.   BACKGROUND**

   **A.   Factual and Procedural Background**

The Mexican Court is currently considering a petition for settlement of community property relating to the divorce of Denise Eugenia Dresser Guerra and John Edward Fleming. Exh. A to Declaration of Victoria R. Carradero, ECF No. 2.  The Mexican Court has issued a letter rogatory requesting that the United States Attorney obtain bank statements for the years 2001 to 2012 from Bank of America branches in Walnut Creek and San Francisco, as well as a Santa Monica branch with a mailing address identified as in San Francisco, for use in the proceedings. Id.  "Letters Rogatory are customarily received and appropriate action taken with respect thereto *ex parte*."  In re Letters Rogatory from Tokyo Dist., Tokyo, Japan, 539 F.2d 1216, 1219 (9th Cir. 1976).

### B. Jurisdiction

The district court has subject-matter jurisdiction over this matter specially conferred by 28 U.S.C. § 1782, and has personal jurisdiction over this case because the Bank of America branches are identified as having mailing addresses in the Northern District of California. See In re Letter Rogatory from Local Court of Ludwigsburg, Fed. Republic of Germany in Matter of Smith, 154 F.R.D. 196, 199 (N.D. Ill. 1994).

### C. Legal Standard

"The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal . . .." 28 U.S.C. §1782(a).  Such order may be made "pursuant to a letter rogatory issued, or request made, by a foreign or international tribunal . . . and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court." Id.

However, "a district court is not required to grant a § 1782(a) discovery application simply because it has the authority to do so." Intel Corp. v. Advanced Micro Devices, Inc., 542 U.S. 241, 264 (2004).  "In exercising its discretion, a district court should consider the following factors: (1) whether the 'person from whom discovery is sought is a participant in the foreign proceeding'; (2) 'the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal court judicial assistance'; (3) whether the request 'conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States'; and (4) whether the request is 'unduly intrusive or burdensome.'" Matter of Application of O2CNI Co., Ltd., Case No. 13-cv-80125-CRB(LB), 2013 WL 4442288, at *5 (N.D. Cal. Aug. 15, 2013) (quoting Intel Corp., 542 U.S. at 264-65).  "[D]istrict courts must exercise their discretion under § 1782 in light of the twin aims of the statute: providing efficient means of assistance to participants in international litigation in our federal courts and encouraging foreign countries by example to provide similar means of assistance to our courts . . .." Schmitz v. Bernstein Liebhard & Lifshitz, LLP., 376 F.3d 79, 84 (2d Cir. 2004) (internal citations and quotations omitted).

## II. ANALYSIS

"When considering an application for discovery pursuant to 28 U.S.C. § 1782, the court considers first whether it has the authority to grant the request and then whether it should exercise its discretion to do so." O2CNI, 2013 WL 4442288, at *5.

### A. Statutory Authority

The Bank of America branches are "found" within this judicial district, the information sought is "for use" in the Mexican Court's proceedings, and the application is "made pursuant to a letter rogatory issued . . . by a foreign . . . tribunal." 28 U.S.C. § 1782(a). There is no reason at this point to anticipate that the information requests will "compel[]" any person "to give his testimony or statement or to produce a document or other thing in violation of any legally applicable privilege." Id. The Court therefore has the authority to grant the request.

### B. Discretion

Applying the Intel factors, the Court finds that the application should be granted. Since Bank of America is a "nonparticipant[] in the foreign proceeding," it "may be outside the foreign tribunal's jurisdictional reach; hence, [its] evidence, available in the United States, may be unobtainable absent § 1782(a) aid." Intel Corp., 542 U.S. at 264. Second, "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance," are all factors which weigh in favor of granting the request, which comes from a foreign court that has specifically requested American federal assistance with a currently pending proceeding. Id. Third, there is no reason to suspect that "the § 1782(a) request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States." Id., 542 U.S. at 265.

Finally, especially since the United States has specifically identified the records it will seek, the information sought in the letter rogatory should be obtainable without requiring any "unduly intrusive or burdensome" requests. Id.

## III. CONCLUSION

Pursuant to 28 U.S.C. § 1782, the Court hereby ORDERS that Assistant U.S. Attorney Victoria R. Carradero is appointed as Commissioner, that Ms. Carradero is authorized to issue

3

1  subpoenas reasonably necessary to obtain the information sought in the letter rogatory, and to take
2  all steps reasonably necessary for the accomplishment of the letter rogatory.
3  **IT IS SO ORDERED.**
4  Dated:  March 19, 2014

_____
JON S. TIGAR
United States District Judge